UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
V.A. a minor by his mother and best friend
W.A., M.F. a minor by his mother and best
friend S.F., R.L., Jr., a minor by his father
and best friend R.L., Sr., and STACIA
FOGG,

                      Plaintiffs,

      -against-

MICHAEL MARCUCILLI, in his
official and individual capacities, Mount
Vernon Police Officers "JOHN DOE"
#1 to 8 in their official and individual
capacities, Yonkers Police Officers
"ROBERT ROE" #1 to 8 in their official
and individual capacities, the CITY
OF MOUNT VERNON, New York,
and the CITY OF YONKERS, New
York,

                      Defendants.
-----------------------------------------------------------x

09 Civ. ( )

COMPLAINT

09 CIV. 2391

Jury Trial Demanded

JUDGE ROBINSON

      Plaintiffs V.A. a minor by his mother and best friend, W.A., M.F. a minor by his mother and best friend S.F., R.L. Jr., a minor by his father and best friend R.L., Sr., and Stacia Fogg by their attorney Jonathan Lovett for their complaint respectfully state:

### NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages, proximately resulting from multiple acts of racially motivated excessive force and police brutality, for violations of Plaintiffs' rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and 42 U.S.C. §1985.

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. With respect to the allegations set forth *infra* Plaintiffs are each filing notices of claim pursuant to Section 50-h of the New York State General Municipal Law. At such time as they have been examined and/or their examination has been waived, Plaintiff's will seek the Court's permission to amend this complaint to interpose state common law claims in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff V.A., a twelve year old African-American child, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He brings this action by his mother and best friend, W.A., who is also a resident of the Northern Counties and an African-American.

4. Plaintiff M.F., a thirteen year old asthmatic African-American child, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He brings this action by his mother and best friend S.F., who is also a resident of the Northern Counties and an African-American.

5. Plaintiff R.L., Jr., a thirteen year old African-American child, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He brings this action by his father and best friend R.L., Sr., who is also a resident of the Northern Counties and an African-American.

6. Plaintiff STACIA FOGG, an adult African-American female, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties.

7. Defendant MICHAEL MARCUCILLI (hereinafter "Marcucilli"), who is sued in his official and individual capacities, at all times relevant to this complaint was a police Sergeant employed by the City of Mount Vernon, New York. As such he has an intra-departmental reputation for engaging in police brutality directed against civilians.

8. Defendants Mount Vernon Police Officers "JOHN DOE #1 to 8" (hereinafter collectively referred to as "MVPO DOE", whose identities are presently not known to the Plaintiffs, are sued in their official and individual capacities. They are male, Caucasians. At such time in discovery that their true identities are ascertained by Plaintiffs, leave of the Court to substitute their actual names in the complaint will be requested.

9. Defendants Yonkers Police Officers "ROBERT ROE #1 to 8" (hereinafter collectively referred to as "YPO ROE") are sued in their official and individual capacities. They are male, Caucasians. At such time in discovery that their true identities are ascertained by Plaintiffs, leave of the Court to substitute their actual names in the complaint will be requested.

10. Defendant CITY OF MOUNT VERNON, New York (hereinafter alternatively "Mt. Vernon"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. Certain members of the City's Police Department, under the dysfunctional and grossly incompetent "leadership" of its Police Commissioner (David Chong) and the incumbent City Mayor (Clinton

Young) have been knowingly permitted and/or encouraged by Chong and Young to violate with impunity the federal civil rights of persons within the City's jurisdiction on the basis of race and/or color.

11. Defendant CITY OF YONKERS, New York (hereinafter alternatively "Yonkers"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. Certain members of that City's Police Department, under the corrupt leadership of its Police Commissioner (Edmund Hartnett) and the incumbent Mayor (Philip Amicone) have been knowingly permitted and/or encouraged by Hartnett and Amicone to violate with impunity the federal civil rights of persons both within and without Yonkers, to routinely deliberately engage in excessive force, and discrimination on the basis of race, national origin and color.

## THE FACTS

*Stacia Fogg*

12. On February 6, 2009, while lawfully operating a motor vehicle on East Third Street in Mt. Vernon, MVPO Doe, a male Caucasian rookie, pulled Plaintiff over and

    i) falsely accused her of running a stop sign

    ii) falsely accused her of punching him in the face,

    iii) forcibly dragged her out of her automobile,

    iv) slammed her head into the side of the vehicle,

    v) ordered her to take a prone position on the ground and when she did not immediately obey that directive, forced her to the ground and repeatedly and without justification struck her legs with a baton causing her serious

physical injury that required medical treatment, and,

vi) falsely accused her of slamming a car door on his hand.

13. Marcucilli responded to the scene, without authority or permission pulled up Plaintiff's pants to observe her injured legs and then: i) offensively remarked that Plaintiff "has hair on her legs"; and ii) advised her: "If this was [*sic.*] 200 years ago I would have slapped the shit out of you. Shut the fuck up. You're disgusting". He then struck Plaintiff's head with a baton, causing her additional serious physical injury.

14. On the basis of the false allegations of fact referenced *supra* Plaintiff was charged with assault, disorderly conduct, and *inter alia* resisting arrest. With the exception of the disorderly conduct as a violation, all charges were subsequently dropped given the extent of her physical injuries as documented in photographs.

15. Defendants do not subject Caucasian female adults, otherwise identically situated to Plaintiff, to excessive force and/or police brutality.

*V.A., M.F. and R.L., Jr.*

16. On February 28, 2009, Marcucilli, MVPO Doe and YPO Doe (including a canine handler and his dog) responded to an alarm at the Mt. Vernon Middle School where they observed V.A., M.F. and R.L., Jr. In that connection MVPO Doe and YPO Doe having on the scene agreed to collectively beat and/or otherwise physically abuse and verbally intimidate Plaintiffs because of their race and/or skin color:

i) As to V.A.: a. Shouted, "where are you going, Nigger?"; b. punched him in the face; c. ordered him to "Shut up, Nigger"; d. forced him to the ground, face down, and handcuffed him to the rear; e. struck him with a metal baton on the side of his

head causing him serious physical injury that required medical treatment; f. repeatedly pushed his face into the ground; and, *inter alia*, g. repeatedly ordered him, in anticipation of a police departmental cover-up, to falsely claim that he had suffered his injuries by falling down a flight of stairs. V.A. was then arrested.

    ii) As to M.F.: a. Without provocation or justification assaulted him; b. grabbed his sweat shirt from behind; c. from behind him pulled the shirt up tight around his neck so that a zipper made contact with his neck; d. deliberately pulled the shirt and zipper so as to choke him for an extended period of time - - placing him in fear that he might as a result suffer an asthma attack and die - - causing him serious physical injury; and *inter alia* e. ordered him to claim, in connection with the anticipated police departmental cover up, that he had fallen down a flight of stairs. M.F. was then arrested.

    iii) As to R.L., Jr.: a. Directing a police dog to attack him; b. permitting and encouraging the animal to repeatedly bite and maul his leg while he was on the ground and helpless; c. striking him three times with a baton and/or PR24; d. ordering him to "get your fat black ass up"; and *inter alia* e. ordering him to claim, in connection with the planned cover up, that he too had fallen down a flight of stairs. R.L., Jr. was then arrested.

17. Male Caucasian children, otherwise identically situated to Plaintiffs, are not subjected by Defendants to excessive force and/or police brutality.

18. As a proximate result of Defendants' conduct Plaintiffs have been caused to suffer: serious physical injuries; pain and suffering; public humiliation; public embarrassment; emotional upset; anxiety; violations, on the basis of their race, of their right to Equal Protection as guaranteed by the Fourteenth Amendment to the United

States Constitution; violations, on the basis of their skin color, of their right to Equal Protection; violations of their right, guaranteed by the Fourth Amendment to the United States Constitution, to be free from excessive force and police brutality, violation of their rights, as guaranteed by 42 U.S.C. §1985, to be free from conspiracies to deny them Equal Protection; and they have otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### ON BEHALF OF STACIA FOGG

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "18" inclusive.

20. Under the premises Defendants' conduct violated her rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM ON
### BEHALF OF V.A., M.F. AND R.L., JR.

21. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

22. Under the premises Defendants' police brutality and use of excessive force violated Plaintiffs' rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM ON
### BEHALF OF V.A., M.F. AND R.L., JR.

23. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

24. Defendants' agreement to subject Plaintiffs to excessive force and police brutality because of their race and/or skin color and the acts taken by Defendants in furtherance of that agreement which proximately caused each Plaintiff damages, violated Plaintiffs' rights as guaranteed by 42 U.S.C. §1985.

### AS AND FOR A FOURTH CLAIM
### ON BEHALF OF V.A., M.F. AND R.L., JR

25. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

26. Defendants' race and/or color-based use of excessive force violated Plaintiffs' right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

   a. Awarding against each individually named Defendant such punitive damages as the jury may impose, in a sum no less than $1,000,000 per Plaintiff,

   b. Awarding against all Defendants such compensatory damages as the jury may determine, in a sum no less than $500,000 per Plaintiff,

   c. Awarding against all Defendants reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
March 14, 2009

_____
Jonathan Lovett (4854)
Attorney for Plaintiffs
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401